## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 17-0050 (RC) |
| | : | |
| DAVID LIEU, | : | Re Document No.: 25 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF JURISDICTION

## I. INTRODUCTION

Defendant David Lieu has been charged with distributing child pornography and

traveling with the intent to engage in illicit sexual conduct with a person under the age of

eighteen. The charges arise from an undercover investigation, during which Defendant allegedly

exchanged child pornography with an undercover detective and traveled from Maryland to

Washington, D.C. to engage in sexual activity with a child. This matter is presently before the

Court on Defendant's *pro se* motion to dismiss the charges for lack of jurisdiction. For the

reasons stated below, the Court denies Defendant's motion.

## II. FACTUAL BACKGROUND

### A. Factual Allegations[1]

The government intends to prove the following allegations at trial. In the winter of 2016,

Detective Timothy Palchak was acting in an undercover capacity as part of the Metropolitan

---

[1] The factual background and allegations are described in greater detail in this Court's prior
Memorandum Opinion granting the United States' motion to admit other crimes evidence.
*United States v. Lieu*, 298 F. Supp. 3d 32, 38–43 (D.D.C. 2018). The Court confines its
discussion here to the facts most relevant to the present motion.

Police Department-Federal Bureau of Investigation Child Exploitation Task Force. Detective

Palchak posted an internet advertisement designed to attract individuals with a sexual interest in

children, Defendant responded to that ad, and Defendant and Detective Palchak subsequently

engaged in a series of electronic communications in which Detective Palchak posed as a father of

a fictitious nine-year-old-girl.

In his communications with Detective Palchak, Defendant discussed his prior illicit

sexual conduct with his step-daughter, sent Detective Palchak several images of child erotica and

child pornography, and made arrangements to meet Detective Palchak and the fictitious child on

February 4, 2016 for the purpose of engaging in illicit sexual activity with the child. On that date,

Defendant traveled from Maryland to Washington D.C. and met Detective Palchak at a pre-

arranged location, where he was arrested. Defendant was charged, and subsequently indicted,

with one count of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one

count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

*See* Compl., ECF No. 1; Superseding Indictment, ECF No. 48.

### B.  The Current Motion

In December 2016, although he was represented by counsel, Defendant filed a *pro se*

motion to dismiss the charge brought under 18 U.S.C. § 2423(b). Under this provision:

> "A person who travels in interstate commerce or travels into the United States, or a
> United States citizen or an alien admitted for permanent residence in the United
> States who travels in foreign commerce, for the purpose of engaging in any illicit
> sexual conduct with another person shall be fined under this title or imprisoned not
> more than 30 years, or both."

Defendant's motion, however, was held in abeyance at the request of Defendant's counsel.

Defendant later retained new counsel, who filed a notice that he was submitting Defendant's

motion without argument. Def. Counsel's Response, ECF No. 59. The government submitted a

brief in opposition, and the motion is now ripe for the Court's consideration.[2]

### III. ANALYSIS

Defendant makes several arguments for why the charge brought under 18 U.S.C. §

2423(b) should be dismissed. Specifically, he argues that: (1) the Court lacks subject matter

jurisdiction; (2) Section 2423(b) does not apply to Defendant's case; (3) Section 2423(b) violates

the Commerce Clause of the United States Constitution; and (4) Section 2423(b), as applied to

Defendant, impermissibly criminalizes "mere thought." For the reasons set forth below, this

Court concludes that none of these arguments have merit.

### A.  The Court's Subject Matter Jurisdiction

First, Defendant argues that the § 2423(b) charge must be dismissed because this Court

lacks subject matter jurisdiction. Defendant states that "[n]one of the alleged illegal activities are

legally relevant as per operation of law," and "this Court therefore has no jurisdiction over the

subject matter of the allegations contained in the charges."[3] Def.'s Mot. Dismiss Indictment

("Def.'s Mot.") at 5, ECF No. 25.

The Court struggles to understand the legal thrust of Defendant's argument, because

Defendant does not support it with an explanation or case law. Nevertheless, "[s]ubject matter

---

[2] The motion is styled as a "motion to dismiss the indictment," but Defendant's motion appears
to challenge only the charge brought under 18 U.S.C. § 2423(b). Accordingly, the government
has responded in opposition only as to arguments regarding § 2423(b), *see* Gov't's Opp'n Def.'s
Mot. Dismiss Indictment ("Gov't's Opp'n"), ECF No. 63, and this Court's decision is restricted
to those arguments.

[3] Although Defendant also appears to challenge the Court's jurisdiction on constitutional
grounds, *see* Def.'s Mot. at 5 (stating that "the fact that United States penal laws may be applied
does not establish that all such laws are constitutionally applied"), he has not explained the basis
for this challenge aside from his other constitutional arguments, discussed below. The Court
declines to independently consider this conclusory argument.

jurisdiction presents a threshold question in any federal prosecution," and the Court must conduct its own jurisdictional analysis. *United States v. Baucum*, 80 F.3d 539, 541 (D.C. Cir. 1996). The D.C. Circuit has held that, "[w]hen a federal court exercises its power under a presumptively valid federal statute, it acts within its subject-matter jurisdiction pursuant to [18 U.S.C.] § 3231." *Id.* The matter currently before the Court arises under 18 U.S.C. §§ 2252(a)(2) and 2423(b), which are valid federal criminal laws. Accordingly, the Court finds that it has subject matter jurisdiction under § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States").

### B. Section 2423(b)'s Application to Defendant

Second, Defendant makes a variety of arguments for why § 2423(b) "cannot be lawfully applied" in his case. Def.'s Mot. at 6. Defendant cites the text of § 2423(b) and (f)(1) and claims that "[a]s the phrase 'territorial and maritime jurisdiction of the United States' . . . does not include all of the land within the United States, the statute could reasonably be construed to apply only to persons traveling in interstate or foreign commerce for the purpose of engaging in a sexual act in the United States." *Id.* (citing 18 U.S.C. § 7). Relatedly, Defendant claims that "[i]mplicit in [the] language" of the statute is the "requirement that the intended sexual activity be conducted within the territory of the United States." Def.'s Mot. at 10. Based on this construction, according to Defendant, because "the alleged sexual activity was scheduled to take place in Washington, DC . . . the Defendant's alleged conduct fails to constitute a violation of [§ 2423(b)]." *Id.* In other words, Defendant appears to be arguing that because the District of Columbia is supposedly not within the territorial and maritime jurisdiction of the United States,

as defined by 18 U.S.C § 7, the statute does not apply to his conduct involving traveling to the District.

The government rightly contends that Defendant's "argument is premised on a misreading of the statute." Gov't's Opp'n at 3. Section 2423(b) criminalizes travel in interstate commerce for the purpose of engaging in "illicit sexual conduct." "Illicit sexual conduct" is defined, in turn, under § 2423(f)(1) to be a "sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." As the Eleventh Circuit has explained, that "phrase . . . does not limit the territorial or jurisdictional reach of the statute. Rather, it defines what types of sexual acts a defendant must have traveled for the purpose of committing to be guilty of the crime: those sexual acts that would be unlawful if they occurred in the special maritime and territorial jurisdiction of the United States." *United States v. Carter*, 776 F.3d 1309, 1322–23 (11th Cir. 2015).

Furthermore, § 2423(b) criminalizes certain conduct of "[a] person who travels in *interstate* commerce or travels *into* the United States"; nowhere does the text require that the conduct occur in any special territory of the United States. 18 U.S.C. § 2423(b) (emphasis added). If the Defendant traveled in "interstate commerce" for the purpose of engaging in illicit sexual conduct—as the government alleges—he can be held criminally liable for his conduct, regardless of where he was arrested or where the conduct was "scheduled" to take place. Accordingly, the Court rejects Defendant's construction of § 2423(b) and finds that the statute plainly applies in Defendant's case.

## C. Section 2423(b)'s Constitutionality under the Commerce Clause

Third, Defendant argues that § 2423(b) exceeds Congress's authority under the Commerce Clause. U.S. Const. art. I, § 8, cl. 3. Several courts, however, including in this jurisdiction, have held on various occasions that § 2423(b) is constitutional. *See, e.g., United States v. Hawkins*, 513 F.3d 59, 61 (2d Cir. 2008) (holding § 2423(b) constitutional under the Commerce Clause); *United States v. Bredimus*, 352 F.3d 200, 205–08 (5th Cir. 2003) ("After examining the reasoning and holdings of other cases upholding the constitutionality of Section 2423(b) and similar statutes, the defendant's Commerce Clause challenge should fail."); *United States v. Han*, 230 F.3d 560, 562–63 (2d Cir. 2000); *United States v. Brockdorff*, 992 F. Supp. 22, 24-25 (D.D.C. 1997). Defendant cites no contrary authority. Accordingly, Defendant's argument fails.

## D. Section 2423(b)'s Alleged Criminalization of "Mere Thought"

Finally, Defendant argues that § 2424(b) is unconstitutional as applied to him because it "impermissibly criminalizes mere thought absent any criminal intent or any overt step in furtherance of criminal intent." Def.'s Mot. at 8. As the government aptly points out, the contention that § 2423(b) criminalizes mere thought alone has been "squarely rejected by federal courts." Gov't's Opp'n at 4–5 (citing *United States v. Tykarsky*, 446 F.3d 458, 471 (3d Cir. 2006); *United States v. Gamache*, 156 F.3d 1, 8 (1st Cir. 1998)). Even though Defendant frames his argument as an as-applied challenge, he fails to adequately explain how the allegations here are unique or how, in these circumstances, he is being charged with a crime that is based purely on his thoughts.

Indeed, the government alleges that Defendant arranged to have a meeting in Washington, D.C. for the purpose of engaging in illicit sexual conduct, *and that he crossed a state line to bring that intent to fruition*. This is exactly the type of conduct that is typically

charged under this statute, a charge that has repeatedly been upheld by federal courts. For example, in *United States v. Han*, the Second Circuit found that § 2423(b) was constitutional as applied to defendant because he "formed the intent prohibited . . . and took sufficient steps to bring [his] intent to fruition, including the crossing of state lines." 230 F.3d 560, 563 (2d Cir. 2000). That is precisely what is alleged to have occurred here. Therefore, because § 2423(b) punishes Defendant for his *travel* across state lines with the *purpose* of engaging in illicit sexual conduct, rather than mere thought alone, the statute does not punish mere thought and is constitutional as applied to Defendant.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 25) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 15, 2018                                              RUDOLPH CONTRERAS
                                                                              United States District Judge