**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 17-0050 (RC) |
| | : | |
| DAVID LIEU, | : | Re Document Nos.: 66, 71, 72, 73 |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**DENYING MR. LIEU'S MOTION FOR TRANSFER; DENYING MR. LIEU'S MOTIONS FOR
RECONSIDERATION; DENYING MR. LIEU'S MOTION FOR DISCLOSURE OF GRAND JURY
MATERIALS**

**I. INTRODUCTION**

Defendant David Lieu has been charged with distributing child pornography and traveling with the intent to engage in illicit sexual conduct with a person under the age of eighteen. The charges arise from an investigation conducted jointly by the Washington, D.C. Metropolitan Police Department ("MPD") and the Federal Bureau of Investigation ("FBI"), during which Mr. Lieu allegedly exchanged child pornography with an undercover detective and traveled from Maryland to Washington, D.C. to engage in sexual activity with the undercover detective's fictitious child.

Presently before the Court are three ripe pretrial motions filed by Mr. Lieu. First, Mr. Lieu asks this Court to reconsider its orders (1) denying Mr. Lieu's motion to dismiss the indictment and (2) granting the government's motion for leave to admit evidence of Mr. Lieu's prior acts. Second, Mr. Lieu seeks disclosure of the grand jury materials related to his indictment, and an evidentiary hearing. For the reasons stated below, the Court denies Mr. Lieu's motions.

## II. FACTUAL BACKGROUND

### A. Factual Allegations[1]

The MPD-FBI Child Exploitation Task Force began its investigation of Mr. Lieu in early 2016. MPD Detective Timothy Palchak, posing as the father of a fictitious nine-year-old girl, posted an ad designed to attract individuals with a sexual interest in children, on an internet message board. Mr. Lieu responded to that ad, triggering a series of electronic messages between Mr. Lieu and Detective Palchak related to Detective Palchak's fictitious child and other children.

In his communications with Detective Palchak, Mr. Lieu discussed his prior illicit sexual conduct with his step-daughter, sent Detective Palchak several images of child erotica and child pornography, and arranged to meet Detective Palchak and the fictitious child on February 4, 2016 to engage in illicit sexual activity with the child. On that date, Mr. Lieu traveled from Maryland to Washington D.C. and met Detective Palchak at a pre-arranged location, where Mr. Lieu was arrested. Mr. Lieu was charged, and subsequently indicted by a grand jury, with one count of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of interstate travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). *See* Compl., ECF No. 1; Superseding Indictment, ECF No. 48.

---

[1] Mr. Lieu's alleged actions and the MPD's investigation are described in greater detail in this Court's prior Memorandum Opinions in this matter, *United States v. Lieu ("Lieu I")*, 313 F. Supp. 3d 171, 173–74 (D.D.C. 2018); and *United States v. Lieu ("Lieu II")*, 298 F. Supp. 3d 32, 38–43 (D.D.C. 2018). The Court confines its discussion here to the facts most relevant to Mr. Lieu's motions at issue.

## B. The Motions at Issue[2]

As noted, this case comes before the court on three ripe pretrial motions filed by Mr. Lieu. Mr. Lieu seeks the disclosure of the grand jury materials related to his indictment. He also asks that the Court reconsider its decisions on two motions filed after Mr. Lieu's indictment; one by Mr. Lieu and one by the government.

First, Mr. Lieu seeks reconsideration of his December 2016 *pro se* motion to dismiss the indictment issued against him under 18 U.S.C. § 2423(b). *See generally* Mem. Supp. Def.'s Mot. Recons. Initial Mot. to Dismiss Indictment ("Indictment Mem."), ECF No. 72. Under that statute:

> "A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."

18 U.S.C. § 2423(b). In support of his motion to dismiss, Mr. Lieu argued that: (1) the Court lacks subject matter jurisdiction over this action; (2) Section 2423(b), by its text, cannot apply to Mr. Lieu's alleged actions; (3) Section 2423(b) violates the Commerce Clause of the United States Constitution; and (4) Section 2423(b), as applied to Defendant, impermissibly criminalizes "mere thought." *Lieu I*, 313 F. Supp. 3d at 173–74. The Court denied the motion. *Id.* at 176.

---

[2] Also outstanding is Mr. Lieu's motion for a transfer from the facility in which he is currently housed, the Piedmont Regional Jail in Farmville, Virginia, to the Correctional Treatment Facility in Washington, D.C. *See generally* Consent Mot. Continuance Status Hr'g Transport Def., ECF No. 66. Mr. Lieu claims that the Piedmont facility does not properly accommodate his vegan diet, and that it prevents him from meeting with his Washington, D.C.-based lawyer, given the four hour drive each way from Washington, D.C. to Piedmont. *Id.* at 2–3. However, as discussed on the record during the status hearings on June 19, 2018, June 27, 2018, July 5, 2018, and August 2, 2018, Mr. Lieu has not sufficiently demonstrated that his nutritional needs are not met in the Piedmont facility, and the United States Marshal Service has implemented a program by which prisoners may be transported from Piedmont to Washington, D.C. to meet with their counsel. Accordingly, the Court denies Mr. Lieu's motion for a transfer.

Second, Mr. Lieu seeks reconsideration of the government's October 2017 motion, under Federal Rule of Evidence 404(b), for the admission of evidence of Mr. Lieu's prior bad acts. *See generally* Second Mot. Opp'n Gov't's Mot. Leave Admit Evidence Other Crimes Pursuant Fed. R. Evid. 404(b) ("Prior Acts Mem."), ECF No. 71.[3] In its motion, the government sought to admit three categories of prior act evidence: (1) evidence that Mr. Lieu sexually abused his stepdaughter when she was between the ages of seven and ten years old; (2) evidence showing that Mr. Lieu possessed 397 images and 19 videos depicting child pornography on an electronic media storage device at his home; and (3) evidence that, at the same time that Mr. Lieu was communicating with Detective Palchak, he was communicating with someone else about his sexual interest in children. *Lieu II*, 298 F. Supp. 3d at 51. The Court held that "each of the prior acts that the Government seeks to introduce demonstrates Mr. Lieu's sexual attraction to children and are therefore relevant to questions of intent and knowledge with respect to each of the crimes with which he is charged." *Id*. at 53. The Court also concluded that tailored, limiting jury instructions could sufficiently prevent the prior bad act evidence from unfairly prejudicing the jury against Mr. Lieu. *Id*. at 60. Accordingly, it granted the government's motion. *Id*.

### III. LEGAL STANDARDS

#### A. Motion for Reconsideration

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in *dicta*, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008); *see also United States v.*

---

[3] While Mr. Lieu styles this motion as a "Second Motion in Opposition" to the government's initial motion, the government treats it as a motion for reconsideration, Gov't's Consolidated Resp. Def.'s Second Mot. Opp'n Gov't's Other Crimes Mot., Mot. Recons. Mot. Dismiss & Mot. Provision Indictment ("Opp'n") at 3, ECF No. 75, and this Court will do the same.

4

*Dieter*, 429 U.S. 6, 8 (1976) (per curiam) (noting "the wisdom of giving district courts the opportunity to promptly correct their own alleged errors"). Courts in this District have, therefore, entertained motions for reconsideration in criminal cases by importing the standards of review governing motions for reconsideration in civil cases. *See, e.g., In Matter of Extradition of Liuksila*, 133 F. Supp. 3d 249, 255–56 (D.D.C. 2016); *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80–81 (D.D.C. 2015); *United States v. Slough*, 61 F. Supp. 3d 103, 107–08 (D.D.C. 2014); *United States v. Cabrera*, 699 F. Supp. 2d 35, 40–41 (D.D.C. 2010). With respect to interlocutory decisions, such as the Court's decisions at issue here, courts in this District have adopted the civil standard that reconsideration of an interlocutory decision is available "as justice requires." *Hassanshahi*, 145 F. Supp. 3d at 80; *Slough*, 61 F. Supp. 3d at 107–08; *United States v. Sunia*, 643 F. Supp. 2d 51, 60–61 (D.D.C. 2009).

"[A]sking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Hassanshahi*, 145 F. Supp. 3d at 80 (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). In making this determination, the Court considers whether it "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citation and internal quotation marks omitted).

The Court is also guided by certain generally applicable principles. First, "[m]otions for reconsideration are committed to the sound discretion of the trial court." *Hassanshahi*, 145 F. Supp. 3d at 80 (quoting *United States v. Trabelsi*, No. 06-0089, 2015 WL 5175882, at *2 (D.D.C. Sept. 3, 2015)). Second, the moving party bears the burden "to show that

5

reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States v. Hemingway*, 930 F. Supp. 2d 11, 13 (D.D.C. 2013). Third, and finally, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995); *see also Singh*, 383 F. Supp. 2d at 101 ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (citation and internal quotation marks omitted)).

### B. Motion for Disclosure of Grand Jury Materials

Federal Rule of Criminal Procedure 6 states that a court may authorize disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The D.C. Circuit has established that a defendant must show a "particularized need" for such materials. *Riding v. DOJ*, 38 F. App'x 20, 21, 2002 WL 1359490, at *1 (D.C. Cir. 2002) (per curiam) (unpublished); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (applying the particularized need standard); *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993) (same); *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984) (same). It is "settled that conclusory or speculative allegations of misconduct do not meet the particularized need standard; a factual basis is required." *United States v. Naegelei*, 474 F. Supp. 2d 9, 10 (D.D.C. 2007).

### IV. ANALYSIS

The Court first considers Mr. Lieu's motions for reconsideration, then considers his motion for disclosure of the grand jury materials. With respect to Mr. Lieu's motions for reconsideration, the Court concludes that Mr. Lieu has failed to show that the Court

6

misunderstood his prior arguments, that it overlooked controlling law or material facts, or that it otherwise made an error justifying reconsideration. With respect to Mr. Lieu's motion for disclosure of the grand jury materials, the Court concludes that Mr. Lieu failed to demonstrate a particularized need for those materials. Accordingly, for the reasons explained more fully below, the Court denies Mr. Lieu's motions.

### A. Mr. Lieu's Motions for Reconsideration

First, the Court addresses Mr. Lieu's motions for reconsideration. As noted, in evaluating these motions the Court must consider whether it "patently misunderstood [Mr. Lieu's arguments], has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh*, 383 F. Supp. 2d at 101. Having reviewed Mr. Lieu's motions, the Court concludes that they fail to justify the Court's deviation from its prior holdings.

### 1. The Court Properly Denied Mr. Lieu's Motion to Dismiss

The Court begins with Mr. Lieu's request for reconsideration of his motion to dismiss the indictment. Mr. Lieu makes two arguments for why the Court erred in denying his motion. First, Mr. Lieu argues that 18 U.S.C. § 2423(b) is unconstitutional because while it was promulgated under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, the behavior it criminalizes—interstate travel to engage in illicit sexual conduct with another person—is not an economic activity. Indictment Mem. at 9–11. Second, Mr. Lieu argues that, by its text, § 2423(b) criminalizes action taken to engage in illicit sexual conduct with a *real person*, and therefore Mr. Lieu could not have violated the statute because he allegedly traveled to engage in illicit sexual conduct with a *fictitious person* manufactured by Detective Palchak. Indictment

7

Mem. at 11–13.  The government argues that the Court previously disposed of Mr. Lieu's constitutional argument, and that Mr. Lieu's textual argument is unsupported by case law interpreting the statute's text.  Opp'n at 4–5.  The Court agrees with the government.

Mr. Lieu previously argued that § 2423(b) exceeds Congress's authority under the Commerce Clause.  *See Lieu I*, 313 F. Supp. 3d at 175.  And as the Court previously noted, *id.*, several courts, including in this jurisdiction, have addressed that very argument and held that § 2423(b) is constitutional.  *See, e.g., United States v. Hawkins*, 513 F.3d 59, 61 (2d Cir. 2008); *United States v. Bredimus*, 352 F.3d 200, 205–08 (5th Cir. 2003), *cert denied*, 541 U.S. 1044; *United States v. Han*, 230 F.3d 560, 562–63 (2d Cir. 2000); *United States v. Brockdorff*, 992 F. Supp. 22, 24-25 (D.D.C. 1997).  Mr. Lieu cites no contrary authority.

Moreover, Mr. Lieu's reliance on *United States v. Lopez* and *United States v. Morrison* is unhelpful because those cases primarily concern the criminalization of behavior that does not involve interstate travel, while the statute at issue here requires such travel.  In *Lopez* the Supreme Court explained that Congress is authorized under the Commerce Clause to regulate three categories of activity: (1) the use of the channels of interstate commerce; (2) the use of the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities that have a substantial relation to interstate commerce (that is, that substantially affect interstate commerce).  *See id.*, 514 U.S. 549, 558–59 (1995) (citations omitted).  *Lopez* concerned a federal law criminalizing knowing possession of a firearm in a school zone, with no interstate travel requirement, *id*. at 551, 559–61, and *Morrison* concerned a federal law criminalizing gender-motivated violence, again with no interstate travel requirement, *id.*, 529 U.S. 598, 605–06, 613 (2000).  Those cases thus raised questions about Congress's power to regulate conduct under the third *Lopez* category; substantial effects on interstate commerce.

"[B]ut § 2423(b) fits comfortably within the first category, the 'channels power,'" *United States v. Stokes*, 726 F.3d 880, 894 (7th Cir. 2013), because the statute makes it a crime to travel "*in interstate commerce* . . . for the purpose of engaging in any illicit sexual conduct with another person.*" 18 U.S.C. § 2423(b) (emphasis added). "[T]he authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained, and is no longer open to question." *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 256 (1964) (quoting *Caminetti v. United States*, 242 U.S. 470, 491 (1917)).

Additionally, Mr. Lieu's textual argument—18 U.S.C. § 2423(b) is inapplicable to him because it only criminalizes actions with respect to real children—is unsupported by the statute's text and Mr. Lieu's alleged conduct. Section 2423(b) criminalizes travel "for the purpose of engaging in any illicit sexual conduct with another person." *Id*. Mr. Lieu allegedly traveled across state lines for the purpose of engaging in illicit sexual conduct with a real person, not knowing that the alleged victim was fictional. The government's allegations fully align with the statute's text. And while it would have been impossible for Mr. Lieu to engage in illicit sexual conduct because the alleged victim was fictional, several courts—including in the case cited by Mr. Lieu—have acknowledged that "it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved." *United States v. Sims*, 428 F.3d 945, 959–60 (10th Cir. 2005) (citing *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004); *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002); *United States v. Farner*, 251 F.3d 510, 512–13 (5th Cir. 2001)); *see also United States v. Tykarsky*, 446 F.3d 458, 469 (3rd Cir. 2006); *United States v. Kahn*, 524 F. Supp. 2d 1278, 1281 (W.D. Wash. 2007) (recognizing, without skepticism, the government's argument that §2423(b) "treats [actual and fictional] victims identically"). Again, Mr. Lieu cites no contrary authority. Because neither of

Mr. Lieu's arguments with respect to his motion to dismiss the indictment meet the standard for reconsideration, *Singh*, 383 F. Supp. 2d at 101, the Court declines to alter its prior holding.

**2. The Court Properly Held that the Government's Prior Act Evidence is Admissible**

The Court next addresses Mr. Lieu's request for reconsideration of the government's motion to admit evidence of Mr. Lieu's prior bad acts. Mr. Lieu argues that (1) the government's evidence—particularly its evidence that Mr. Lieu sexually assaulted his stepdaughter—"is being offered in an impermissible attempt to prove that the Defendant is of a bad character and that he acted in conformity therewith"; and (2) the evidence would be unfairly prejudicial to Mr. Lieu. Prior Acts Mem. at 2. The government asserts that Mr. Lieu fails to raise arguments not addressed by this Court in its prior opinion on this issue. Opp'n at 3. Again, the Court agrees with the government.

Federal Rule of Evidence 404(b) generally prohibits the admission of evidence of a defendant's prior crimes, wrongs, or acts to prove that the defendant has a propensity to commit the charged crime. Fed. R. Evid. P. 404(b)(1). However, evidence of those prior acts may be admissible for other purposes, including proving motive, intent, knowledge, identity, or absence of mistake. *Id*. 404(b)(2). "Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character." *United States v. Bowie*, 232 F.3d 923, 929–30 (D.C. Cir. 2000) (internal citations and quotations omitted). Thus, Rule 404(b) is properly regarded as one of "inclusion rather than exclusion." *Id.* at 929.

In addressing the admissibility of evidence of prior acts under the Federal Rules, this Circuit employs a two-step analysis. "Under the first step, which addresses Rule 404(b), '[the

10

court] must determine whether the evidence is relevant to a material issue other than character." *United States v. Burch*, 156 F.3d 1315, 1323 (D.C. Cir. 1998) (quoting *United States v. Mitchell*, 49 F.3d 769, 775 (D.C. Cir. 1995)). "'If so, [the court] proceed[s] to the second inquiry,' under Federal Rule of Evidence 403, 'whether the probative value is substantially outweighed by the prejudice.'" *Id.* (quoting *Mitchell*, 49 F.3d at 775).

In its prior opinion, this Court reasoned that "Mr. Lieu's state of mind . . . is likely to be a central issue at trial" because the government must show that Mr. Lieu crossed state lines *for the purpose of* engaging in illicit sexual conduct. *Lieu II*, 298 F. Supp. 3d at 51–52. The Court concluded that the government's evidence of Mr. Lieu's prior acts makes it "more probable that [Mr. Lieu] possessed the requisite intent" because it demonstrates Mr. Lieu's sexual attraction to children. *Id*. at 52–53 (quoting *United States v. Hite*, 916 F. Supp. 2d 110, 117 (D.D.C. 2013)). And the Court noted that this conclusion is generally accepted by courts with respect to a defendant's prior acts of molestation. *Id.* at 54–55 (citing *United States v. Russell*, 662 F.3d 831, 846–47 (7th Cir. 2011) (holding that evidence of prior molestation was allowed under Rule 404(b) to show defendant's motive in taking obscene photographs of children); *United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004) ("Testimony regarding sexual contact with a minor is particularly relevant in the context of a prosecution under § 2422(b) because intent is a key element of a crime" and "[w]hat could be more probative of illicit purpose than carrying through with the sex act itself?"); *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997) ("[T]he government had to prove intent to travel interstate to sexually abuse the minor relative and the stepdaughters' testimony suggests a similar pattern of sexual abuse of female minor relatives made possible by exploitation of familial authority.")). Mr. Lieu's conclusory

assertion that the government offers this evidence to show his character rather than his intent is not sufficient to alter the Court's prior holding on this issue.[4]

This Court also held in its prior opinion that the probative value of the government's evidence that Mr. Lieu sexually assaulted his step-daughter is not substantially outweighed by its potential prejudicial impact, because the evidence is highly relevant to Mr. Lieu's intent and it does not appear to be particularly graphic or voluminous. *Lieu II*, 298 F. Supp. 3d at 55–56. Mr. Lieu, on the other hand, argues that *United States v. Schneider*, an unreported case in another jurisdiction, dictates the conclusion that the government's prior act evidence here is substantially more prejudicial than probative. Prior Acts Mem. at 5–6. *Schneider* involved a similar question, in an 18 U.S.C. § 2423(b) case, of whether the government could introduce evidence of prior molestation as relevant to the defendant's intent. *Id.*, No. 10-0029, 2010 WL 3505135, at *1 (E.D. Pa. Sept. 3, 2010). The government's evidence in *Schneider*, unlike the government's evidence here, related to the defendant's alleged sexual assault, over a three-year period, of the same victim involved in the defendant's alleged violation of § 2423(b). *Id.* The Court did not, as Mr. Lieu suggests, decline to admit the evidence; it rather limited the evidence to the defendant's molestation of the victim in the year before the event in question, concluding that additional evidence would be overly cumulative and prejudicial. *Id.* at *2–3.

Here, in its prior opinion, the Court engaged in a similar balancing exercise and concluded that the government's evidence of Mr. Lieu's prior acts is probative and that its prejudice may be effectively counteracted through jury instructions. *Lieu II*, 298 F. Supp. 3d at

---

[4] Mr. Lieu's reliance on *Robinson v. United States* is unpersuasive because that District of Columbia Court of Appeals case did not concern the admissibility of prior acts under the Federal Rules of Evidence, but rather concerned District of Columbia law. *Id.*, 623 A.2d 1234, 1238 (D.C. 1993).

55–56, 60. Mr. Lieu has not supplied sufficient reason for the Court to deviate from that conclusion. Because neither of Mr. Lieu's arguments with respect to the government's motion to admit evidence of Mr. Lieu's prior acts meet the standard for reconsideration, *Singh*, 383 F. Supp. 2d at 101, the Court again declines to alter its prior holding.

### B. Mr. Lieu's Motion for Disclosure of Grand Jury Materials

Second, the Court addresses Mr. Lieu's motion, under Federal Rule of Criminal Procedure 6, for disclosure of the grand jury materials relevant to his case, and for an evidentiary hearing, to "illuminate the irregularities of the grand jury process." Mot. Provision Indictment, Inspection of Full Grand Jury Mins., Alternative Dismissal Indictment ("Grand Jury Mem.") at 2, ECF No. 73. As noted, in support of this motion Mr. Lieu must show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Moreover, this showing must demonstrate "a particularized need" for the grand jury materials. *Riding,* 2002 WL 1359490, at *1.

Mr. Lieu argues that he has a particularized need for the grand jury materials and a hearing because the government's indictment does not comply with Federal Rule 6(c), which requires that the grand jury foreperson sign the indictment.[5] Fed. R. Crim. P. 6(c). However, Mr. Lieu has provided no reason for the Court to doubt the government's assertion that the Clerk's Office is in possession of the signed indictment, Opp'n at 6 n.3, and this Court has confirmed that the Office does in fact have the signed indictment. Mr. Lieu has provided no other evidence of "irregularities in the grand jury process" justifying a particularized need for the grand jury materials and a hearing. *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir.

---

[5] Mr. Lieu asserts that the government has returned "two separate indictments" violating Federal Rule 6. Grand Jury Mem. at 2. However, the government has filed only one indictment in his case, confusingly styled the "Superseding Indictment."

13

1994) ("[A] bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement."). Accordingly, the Court denies Mr. Lieu's motion for the disclosure of those materials.

## V.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. Lieu's Motion for Transfer (ECF No. 66), Motions for Reconsideration (ECF No. 71 and 72), and Motion for Disclosure of Grand Jury Materials (ECF No. 73) are **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 17, 2018                                          RUDOLPH CONTRERAS
                                                                  United States District Judge